UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| T.H.E. INSURANCE COMPANY, a Louisiana corporation,<br><br>           Plaintiff,<br><br> v.<br><br>BOISE HOT AIR, INC. d/b/a VEGAS HOT AIR SIN CITY BALLOON RIDES, an Idaho corporation, *et. al.*,<br><br>           Defendants. | Case No. 2:20-cv-01762-KJD-NJK<br><br>ORDER |

   Presently before the Court is Plaintiff's Motion for Summary Judgment (#26). Defendant Boise Hot Air, Inc. filed a response in opposition (#27) to which Plaintiff replied (#33). Though the time for doing so has passed, no other defendant filed a response in opposition.

I. Facts

   Defendant Boise Hot Air, Inc. ("BHA") is a Federal Aviation Administration certified company that provides hot air balloon flights in Las Vegas and the surrounding area. On September 12, 2019, eight passengers participated in a BHA hot air balloon ride when a hard landing ("Accident") caused injuries to multiple passengers, including Pilot Kevin Cloney. During the hard landing, pilot Kevin Cloney and four passengers were ejected from the craft's basket. Amongst the eight passengers were Shawna Stenton, Thomas Stenton, Michele Vance, Peter Stemple, Jr., Katja Ekquist, and Mika Ekquist (the "Passengers").

   At the time Plaintiff T.H.E. Insurance Company's Complaint was filed, five of the eight passengers had already made claims to Plaintiff ("T.H.E.") for damages asserted against BHA and other passengers may still assert claims for damages against BHA (the "Passenger Claims"). The pilot, Cloney, also made a claim for damages against BHA ("Pilot Claim").

T.H.E. issued a Commercial Lines Policy to BHA as the Named Insured, Policy No. HAB0051149 06 for the policy period of November 29, 2018 to November 29, 2019 (the "Policy"). The Policy included a "Hot Air Balloon Coverage Part." Under the Policy, the Hot Air Balloon Coverage Part identifies three Coverages:

> Coverage A: Bodily Injury, Property Damage, Personal and Advertising Injury Liability Excluding Passengers
>
> Coverage B: Bodily Injury, Property Damage, Personal and Advertising Injury Liability by Any Passenger[1]
>
> Coverage C: Medical Payments

Coverage B is controlling as it is the section that outlines T.H.E.'s responsibilities under the Policy as to claims asserted by any Passengers. In relevant part, Coverage B outlines T.H.E.'s obligations under the Policy:

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" or "personal and advertising injury" sustained by any "passenger" arising out of the "operation of a Hot Air Balloon". We will have the right and duty to defend the Insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" or "personal and advertising injury" to which this insurance does not apply.

Coverage C, entitled "Medical Payments," affords payment for medical expenses for "bodily injury" caused by an accident because of the insured's operations, provided that certain conditions are met.

The Policy sets forth exclusions applicable to this matter, which state, in relevant part, coverage under the Policy does not extend to:

---

[1] "Passenger" is defined under the Police as meaning any person, other than the "pilot in command", in or entering the "Hot Air Balloon" for the purpose of riding therein or alighting therefrom following a flight or attempted flight, or a crew member." "Pilot in Command" means the Pilot in Command as defined by the "Federal Aviation Administration" Regulations and includes the pilot responsible for the operation and safety of the 'Hot Air Balloon' while 'inflight'.

**e. Employer's Liability**

"Bodily injury" to:

(1) The Named Insured stated in the Declarations page; or
(2) An "employee" of any insured arising out of and in the course of:

a. Employment by any insured; or

b. Performing duties related to the conduct of any insured's business; or

(3) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

. . .

**aa. Pilot and Flight Warranties**

"Bodily injury" or "property damage" or "personal and advertising injury" to any person or "passenger" arising out of any "operation of a Hot Air Balloon"

(1) if piloted while "in flight" by other than the pilot or pilots designated in the Declarations; or

...

(3) if tethered while "inflight" and not piloted by the pilot or pilots designated in the Declarations;

T.H.E. twice amended the Policy Declarations section for the Hot Air Balloon Coverage Part after the policy period began. T.H.E. issued the most recent Amended Declarations on July 12, 2019 ("Amended Declaration"). The Amended Declaration identifies the following scheduled pilots: Bruce Andrew Patterson, Sheldon Grauberger, Michael D. Perkins, Allen Anderson, and Scott Nicol. As of September 12, 2019, the day of the Accident, Kevin Cloney was not included as a scheduled pilot under the Amended Declaration.

To amend the Policy to include Cloney as a new pilot, BHA was required to submit an application to T.H.E. with the following information: (i) Cloney's pilot's medical certificate; (ii) Cloney's certification; (iii) Cloney's total time logged on all aircraft; (iv) Cloney's date of last

- 3 -

flight review; (v) Cloney's flight hours in the previous 12 months; (vi) Cloney's accident history; (vii) Cloney's FAA history; and (viii) Cloney's automobile history. T.H.E. uses these applications to make sure the balloon pilots have experience flying the appropriate size balloons, have current medical clearance, have an acceptable safety record, and have no disqualifying events. The applications are mandatory, and the pilot history must be accurate within 3 years. Neither BHA nor its agent submitted Cloney's pilot application to T.H.E.

Patrick Smith of Aviation Insurance Resources ("AIR") acted as BHA's insurance broker and agent at all relevant times. While Smith intended to add Cloney as a scheduled pilot, he never submitted the pilot application to T.H.E. In fact, on May 14, 2019, Smith informed T.H.E. not to add Cloney to the Policy. Nevertheless, at some point Smith issued a Certificate of Insurance, which he did without having submitted the pilot application. He was aware that he did not have and had not submitted the pilot application for Cloney prior to the Accident.

After the Accident, on November 21, 2019, T.H.E. issued a reservation of rights letter to BHA asserting as an exclusion of the Policy, aa. Pilot and Flight Warranties, amongst other exclusions, and informing BHA that said exclusion precludes coverage for claims arising out of Coverage A and Coverage B. Any exclusions that apply under Coverage A and B also preclude claims under Coverage C. On December 10, 2020, four of the eight passengers filed a complaint against BHA, Cloney, Balony Kubicek Spol. S.R.O. ("Kubicek Balloons"), and Douglas Grimes in the Eighth Judicial District Court ("Underlying Litigation"). While other claimants have not filed suit, two (the Ekquists) have made a claim related to the Accident.

On September 22, 2020, Plaintiff filed the present complaint asking the Court to (1) find and declare that T.H.E. has no obligation to provide coverage to Passenger claims as they pertain to the September 12, 2019, hot-air balloon accident; (2) find and declare that T.H.E. does not have a duty to defend against the Passenger claims as they pertain to the September 12, 2019, hot-air balloon accident; and (3) find and declare that T.H.E. has no obligation to provide coverage to any pilot claims as they pertain to the September 12, 2019, hot-air balloon accident. Plaintiff has now moved for summary judgment on these claims.

II. Standard for Motion for Summary Judgment

Summary judgment is appropriate when the pleadings, discovery responses, and affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). For summary judgment purposes, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Kaiser Cement Corp. v. Fishbach & Moore, Inc., 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the initial burden of showing that there are no genuine issues of material fact for trial. It can do this by: (1) presenting evidence to negate an essential element of the nonmoving party's case; or (2) demonstrating the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. See Celotex, 477 U.S. at 323–325.

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). To establish the existence of a genuine dispute of material fact, it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T. W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). But the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Bank of Am. v. Orr, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). It "must produce specific evidence, through affidavits or admissible discovery material, to show" a sufficient evidentiary basis on which a reasonable fact finder could find in its favor. Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–249 (1986).

III. Analysis

    A. Count I – Declaratory Judgment for Passenger Claims because Cloney was not a Scheduled Pilot

Plaintiff's Complaint seeks a declaratory judgment that no coverage is afforded for the

Passenger claims because Cloney was not a scheduled pilot. The Policy specifically provides that coverage does not apply to bodily injury arising out of any operation of a hot air balloon if piloted by a non-scheduled pilot:

> This insurance does not apply to:
>
> **aa. Pilot and Flight Warranti**es
>
> "Bodily injury" or "property damage" or "personal and advertising injury" to any person or "passenger" arising out of any "operation of a Hot Air Balloon"
>
> (2) if piloted while "in flight" by other than the pilot or pilots designated in the Declarations; or
> ...
> (3) if tethered while "inflight" and not piloted by the pilot or pilots designated in the Declarations

Plaintiff argues that it is undisputed that Cloney was piloting the balloon that crashed, and it is further undisputed that Cloney was not a scheduled pilot. Thus, under the Pilot and Flight Warranties exclusion, there is no coverage for any Passenger claims, which includes both the claims made in the Underlying Litigation and the claims which have not yet reached litigation. The Court agrees.

The Ninth Circuit has enforced similar provisions in aviation policies, which are often termed "pilot warranties". For example, in Trishan Air, Inc. v. Federal Ins. Co., 635 F.3d 422 (9th Cir. 2011), the Ninth Circuit upheld summary judgment for an insurer that denied coverage because a pilot did not satisfy the pilot warranty terms of the policy. In upholding summary judgment for the insurer, the Ninth Circuit cited California cases strictly enforcing such warranties. The Ninth Circuit noted that warranties, unlike conditions such as notice, are "an element of the fundamental risk insured." Id. at 428 (citing Root v. Am. Equity Specialty Ins. Co., 130 Cal.App.4th 926, 943 (2005)). Specifically, the Ninth Circuit stated that "strict compliance with pilot warranties serves as a necessary corollary of aviation insurance policies." Trishan, 635 F.3d at 438; see also North American Specialty Ins. Co. v. De Anda, 247 Fed. Appx. 918 (2007) (Court upheld an insurer's denial of coverage where the pilots operating the aircraft were not currently rated for the flight involved); Bequette v. National Ins. Underwriters, 429 F.2d 896 (9th Cir. 1970) (affirming judgment for an insurer disclaiming coverage when pilot

- 6 -

did not have rating required to carry passengers); Crawford v. Ranger Ins. Co., 653 F.2d 1248 (9th Cir. 1981) (enforcing terms of policy excluding coverage for pilot's death).

The Nevada Supreme Court upheld safety-related policy exclusions in aviation policies as a matter of public policy. See Griffin v. Old Republic Ins. Co., 122 Nev. 479 (2006). In Griffin, an aviation insurer denied coverage for an accident in which the pilot crashed into the plaintiff's backyard. The policy required that the aircraft have a valid Airworthiness Certificate at the time of the accident, which the insured did not have. A federal court granted summary judgment to the carrier, and the Ninth Circuit certified the following question to the Nevada Supreme Court: "May an insurer deny coverage under an aviation policy for failure to comply with an unambiguous requirement of the policy or is a causal connection between the insured's noncompliance and the accident required?" Id. at 481. In response, the Nevada Supreme Court determined that a causal connection between the accident and the exclusion was not required—unless it was provided for in the policy. The Nevada Supreme Court specifically stated "We agree that aircraft safety is enhanced when policy exclusions relating to safety are upheld, regardless of causal connection." Id. at 485.

Defendant tries to fend off summary judgment by arguing that, at the least, a question of fact arises from the Certificate of Insurance created by Patrick Smith which lists Cloney as a scheduled pilot. This argument fails for the reasons outlined below.

First, Patrick Smith is not Plaintiff's agent, but is the agent of Defendant BHA. Defendant BHA signed an "Agent of Record Letter" in which BHA declares that Smith's company, Aviation Insurance Resources, LLC, is BHA's only authorized agent. The general rule in Nevada is that an independent insurance broker is an agent of the insured. Grand Hotel Gift Shop v. Granite State Ins. Co., 839 P.2d 599, 603 (Nev. 1992). Defendant has presented no evidence that Smith was T.H.E.'s agent. In fact, the undisputed evidence shows that Smith never provided T.H.E. with the pilot application for Cloney and told T.H.E. not to add Cloney (and two other pilots for which there were no applications).

Second, the Certificate of Insurance relied upon by BHA specifically states: "This Certificate is issued as a matter of information only. This Certificate does not amend, extend or

alter in any manner the coverage(s) provided by policy described herein." When, as in this case, the certificate contains a disclaimer, the insured may not rely on the certificate, but must look to the policy to determine the scope of coverage. See Prime Ins. Syndicate, Inc. v. Concepion, 2:06-cv-00884-KJD-LRL, 2008 WL 682412 *3 (D. Nev. March 6, 2008) (citing Empire Fire & Marine Ins. Co. v. Bell, 55 Cal.App.4th 1410, 1423 n. 25 (1997) ("[a] certificate of insurance is merely evidence that a policy has been issued. It is not a contract between the insurer and the certificate holder"); T.H.E. Ins. Co. v. City of Alton, 227 F.3d 802, 805–806 (7th Cir.2000) (holding that a certificate of insurance that includes a disclaimer of coverage cannot vary, alter, amend or expand the terms of the insurance policy referred to in the certificate)). Therefore, BHA would never be justified in relying upon the certificate of insurance from its own broker to determine the scope of coverage. The only document it could rely on is the actual insurance policy.  Therefore, the Court denies Defendant's request to apply equitable estoppel. Further, the Court grants Plaintiff's motion for summary judgment on the first claim, finding and declaring that T.H.E. has no obligation to provide coverage to Passenger claims as they pertain to the September 12, 2019, hot air balloon accident.

### B. Count II- No Duty to Defend Against the Passenger Claims because Cloney was not a Scheduled Pilot

Count II of the Complaint seeks a Declaratory Judgment that T.H.E. has no duty to defend either BHA or Cloney for any claims, suits or actions involving the Passenger Claims because there is no coverage under the Policy for Passenger Claims arising from the Accident. Currently, T.H.E. is defending the Underlying Litigation against both BHA and Cloney under a Reservation of Rights.

The Policy states, in relevant part:

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" or "personal and advertising injury" sustained by any "passenger" arising out of the "operation of a Hot Air Balloon". We will have the right and duty to defend the Insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" or "personal and advertising injury" to which this insurance does not apply.

Therefore, per the terms of the Policy, if there is no coverage, there is no duty to defend. See National Casualty Company v. Sotelo, 2019 WL 1560430 (D. Nev. 2019) (citing Century Sur. Co. v. Andrew, 432 P.3d 180, 184 (Nev. 2018)). The Court has found and declared that there is no coverage for the Underlying Litigation or Passenger Claims arising out of the Accident. Accordingly, the Court grants Plaintiff's motion for summary judgment on the second claim and finds and declares that T.H.E. does not have a duty to defend against the Passenger claims as they pertain to the September 12, 2019, hot air balloon accident.

### C. Count III- Coverage for Claims Made by Kevin Cloney

Count III of the Complaint seeks a Declaratory Judgment that any claims made by Kevin Cloney against BHA as a result of the Accident are not covered by the Policy. The same arguments that apply to preclude coverage under Coverage B for Passenger Claims equally applies to coverage under Coverage A for non-Passenger Claims and coverage under Coverage C for medical payments claims. In fact, the exclusions cited above -- aa. Pilot and Flight Warranties and e. Employer's Liability -- both apply to non-Passenger claims as well. Thus, for the same reasons that there is no coverage for the Passenger claims, there is similarly no coverage for a claim by Cloney, as a non-Passenger.

Additionally, any claims Cloney makes against BHA are precluded by the Employer's Liability Exclusion. T.H.E. is not required to provide coverage under the following circumstance:

> **e. Employer's Liability**
>
> "Bodily injury" to:
>
> (4) The Named Insured stated in the Declarations page; or
> (5) An "employee" of any insured arising out of and in the course of:
>
>   a. Employment by any insured; or
>   b. Performing duties related to the conduct of any insured's business; or
>
> (6) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.
>
> This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay

damages because of the injury.

At the time of the Accident, Cloney was working for BHA, "[p]erforming duties related to the conduct of [BHA's] business," i.e., flying a hot air balloon. As a result, the Employer's Liability Exclusion applies to preclude coverage. Accordingly, the Court grants Plaintiff's motion for summary judgment on the third claim and finds and declares that T.H.E. has no obligation to provide coverage to any pilot claims as they pertain to the September 12, 2019, hot air balloon accident.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (#26) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Plaintiff and against Defendants.

Dated this 25th day of March, 2022.

_____
Kent J. Dawson
United States District Judge